**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ADAM EUGENE MARTIN,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:09cv12**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Maxwell)**

**JAMES CROSS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on January 26, 2009, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On January 30, 2009, the petitioner was granted permission to proceed as a pauper. The petitioner filed a Supplement to Initial Petition on February 17, 2009. In the supplement, the petitioner seeks an evidentiary hearing, a subpoena for certain jail records, the appointment of counsel and his release from illegal confinement.

### I.　Petitioner's Conviction and Sentence

According to the petition, the petitioner was convicted of Bank Robbery by the United States District Court for the Western District of Texas. Petition at 2. On November 16, 2004, the petitioner was sentenced to a life term. Id. The petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals. Id. at 3. On direct appeal, the petitioner asserted: (1) that he was illegally detained by the state; (2) that the government failed to turn over Brady/Giglio material; (3) the government's opening statement at trial mentioned failed plea negotiations; (4) unindicted priors; and (5) his sentence is disproportionate to his crime. Id. The petitioner's conviction and sentence were affirmed on appeal on December 2, 2005. Id.

The petitioner subsequently filed a § 2241 petition in the Western District of Texas. Petition

at 4. That petition was recharacterized as a § 2255 petition on appeal, and denied on January 31, 2006. Id.

## II  Claims of the Petition

(1) Government withheld exculpatory DNA evidence, violating the petitioner's 5th, 6th and 8th Amendment rights, the petitioner is actually innocent of all charges.

(2) The FBI requested petitioner's arrest until completion of the federal investigation, violating the petitioner's 5th, 6th, and 8th amendment rights and his right to due process.

(3) The government violated Title 18 U.S.C. § 3000 by withholding DNA test done by state lab in violation of due process.

Petition at 3-5.

Further, the petitioner asserts that these claims are appropriate for review under § 2241 because they contain newly discovered evidence which shows that he is actually innocent of the crimes charged. Id. at 5-6.

## III.  Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

> such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts that his claims contain newly discovered evidence which show that he is actually innocent of the crime charged. However, according to the petition, these claims were raised on direct appeal. Thus, the basis for these claims was available at the time of the petitioner's direct appeal and the claims are not newly discovered.

Furthermore, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[1] This

---

[1] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through

the petitioner has not, and cannot, do. The petitioner has not established that there was a substantive change in the law which renders the crime for which he was convicted to be not criminal.

Accordingly, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

### IV. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the petitioner's § 2241 petition (dckt.1) be **DENIED** and **DISMISSED with prejudice**. For this reason, it is also recommended that the petitioner's motion for evidentiary hearing, motion for subpoena, motion for appointment of counsel and motion for release from illegal confinement, contained within his Supplement to Initial Petition (dckt.7), also be **DENIED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

4

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 18, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE